Nathan Brown (SBN: 033482)
Nathan.Brown@BrownPatentLaw.com
Brown Patent Law
1500 N 7th Way Suite 203
Scottsdale, AZ 85260
Telephone: (602) 529-3474

ROBERT AHDOOT*
*rahdoot@ahdootwolfson.com*
BRADLEY K. KING*
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 LINDBROOK DRIVE
LOS ANGELES, CALIFORNIA 90024
Telephone: (310) 474-9111

AVI R. KAUFMAN*
*kaufman@kaufmanpa.com*
KAUFMAN, P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Pierucci, individually and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMAND** |
| v. | |
| Dominion Enterprises, Inc., a Virginia corporation, | |
| Defendant. | |

Plaintiff Pierucci ("Plaintiff" or "Pierucci") brings this Class Action Complaint and Demand for Jury Trial against Defendant Dominion Enterprises, Inc. d/b/a Homes.com ("Homes.com" or "Defendant") to stop Homes.com from violating the Telephone Consumer Protection Act by sending unsolicited autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Homes.com's conduct. Plaintiff, for this Complaint, allege as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Pierucci is a Lake Havasu City, Arizona resident.

2. Defendant Homes.com is a Virginia corporation headquartered in Virginia. Defendant conducts business throughout Arizona and the United States.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant directed its TCPA violative text message to Plaintiff in this District.

**PLAINTIFF'S ALLEGATIONS**

5. Homes.com is a real estate website that among other things generates leads for listings for real estate agents.

6. Homes.com markets its leads for listings to real estate agents using unsolicited, autodialed text messages.

7. For example, on February 27, 2020 at 2:48 pm, Plaintiff received an unsolicited, text message to her cell phone number from Homes.com using phone number 757-600-0580:

> (757) 600-0580
> 2:48 PM, Feb 27
>
> Hi Lisa, this is Dion with Homes.com. I hope a text is ok. I'm looking for an agent to pick up the openings we have in your county and surrounding areas to work every pre-screened buyer/seller lead coming through. We're currently doing 30% OFF on ANY zip codes, to help agents get a head start on preparing for the upcoming season. Let's compare Homes.com prices to what you are currently doing. What zip codes/areas do you like targeting?

8. Plaintiff has never provided her consent to Homes.com to send her text messages using an automatic telephone dialing system or to otherwise contact her.

9. Homes.com's unsolicited text was a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

10. In sending the unsolicited text message at issue, Homes.com, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator, or to dial telephone numbers from preloaded lists. This is evident from the circumstances surrounding the text message, including the text message's commercial and generic content, that the text message was unsolicited, and that the text message was sent from a landline phone number.[1]

---

[1] https://urget.org/lookups/757-600?page=34

3

CLASS ACTION COMPLAINT

11. On information and belief, Homes.com, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers. This is evident from the text message's commercial and generic content, that the text message was unsolicited, and that it was sent using an automatic telephone dialing system.

12. To the extent the text message was sent on Homes.com's behalf to consumers, Homes.com provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text message in violation of the TCPA.

13. Accordingly, Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **ATDS Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent a text message to their cellular telephone number by or on behalf of Homes.com, (2) using a dialing system substantially similar dialing system as used to text message Plaintiff, (3) for a substantially similar reason as Homes.com texted Plaintiff.

14. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

15. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

16. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

17. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;

   b) Whether the text messages were sent using an automatic telephone dialing system;

   c) Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Class; and

   d) Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

18. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

19.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

20.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
## (On Behalf of Plaintiff and the ATDS Class)

21.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 of this complaint and incorporates them by reference.

22. Defendant and/or its agents transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the ATDS Class using an automatic telephone dialing system.

23. These solicitation text messages were sent without the consent of Plaintiff and the other members of the ATDS Class.

24. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. §§ 227(b)(3)(B)-(C), Plaintiff and members of the ATDS Class are entitled to a minimum of $500 and a maximum $1,500 in damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pierucci, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and her counsel as Class Counsel;

b)  An award of actual and/or statutory damages and costs;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**LISA PIERUCCI,** individually and on behalf of those similarly situated individuals

Dated: March 4, 2020         */s/ Nathan Brown*
                              Nathan Brown

*Local Counsel for Plaintiff and the putative class*
Telephone: (602) 529-3474
Nathan.Brown@BrownPatentLaw.com

Avi R. Kaufman*
*kaufman@kaufmanpa.com*
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
Bradley K. King*
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Telephone: (310) 474-9111

*Attorneys for Plaintiff and the putative Class*
* Pro Hac Vice Motion forthcoming