David S. Norris (Arizona Bar No. 034309)
david.norris@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Amy Brown Doolittle*
amy.doolittle@squirepb.com
Katy A. Spicer*
katy.spicer@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Eric J. Troutman (admitted *Pro Hac Vice*)
eric.troutman@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

*Attorneys for Defendant Homes.com, Inc.*
*Pro Hac Vice Motion Forthcoming

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lisa Pierucci, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Homes.com, Inc.,<br><br>　　　　　　Defendant. | Case No. CV-20-8048-PCT-DWL<br><br>**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR FORUM NON CONVENIENS AND MEMORANDUM IN SUPPORT OF MOTION** |

　　　Defendant Homes.com, Inc. ("Homes.com") respectfully moves this Court for an order pursuant to 28 U.S.C. § 1404(a) to transfer venue on the grounds of *forum non conveniens*. As explained in the accompanying Memorandum, venue in the Eastern District of Virginia will better serve the convenience of the parties, witnesses, and the interests of justice.

Plaintiff's choice of forum is entitled to little weight in this putative nationwide class action. None of the primary witnesses, physical or documentary evidence exists within this forum. Instead, the center of gravity in this case is in Virginia—where Homes.com is headquartered and where the bulk of the conduct challenged took place. For the reasons set forth below, the Court should grant this Motion under 28 U.S.C. §1404(a) and dismiss or transfer the case to the Eastern District of Virginia.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I.  INTRODUCTION**

Homes.com moves this Court for an order to dismiss this action on the grounds of *forum non conveniens* or, in the alternative, to transfer venue because the convenience of witnesses, as well as the interests of justice, will be better served by proceeding in the Eastern District of Virginia. The Court should also grant this Motion under 28 U.S.C. § 1404(a) because Plaintiff's choice of forum is entitled to little weight in this putative nationwide class action brought under the Telephone Consumer Protection Act ("TCPA"), as the center of gravity in this case is in Virginia, where Homes.com is headquartered, where the relevant events occurred, and where the relevant witnesses are located.

**II.  BACKGROUND**

Plaintiff filed her one-count Complaint on March 4, 2020 against Homes.com for alleged violations of the TCPA. Compl. ¶¶ 21-24. Specifically, Plaintiff alleges that Homes.com or its agent violated the TCPA by sending an unsolicited text to her. *See* Compl. ¶¶ 7-13, 21-24. Plaintiff alleges a single claim for violation of the TCPA on behalf of herself and a putative nationwide class. Compl. ¶¶ 13-14. Plaintiff seeks to certify a class of "all persons" who received unsolicited text messages similar to Plaintiff and alleges that Homes.com "sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers." Compl. ¶ 11.

Homes.com is a Delaware corporation, with its headquarters and principal place of business located in Norfolk, Virginia. Ex. 1 (Decl. of Erin Ruane) ¶ 5. Homes.com's

Norfolk, Virginia office is its largest office in terms of personnel. *See id.* ¶ 11. The text message that Plaintiff challenges in her Complaint was sent by a Homes.com employee working in Homes.com's Virginia headquarters. *Id.* ¶ 9. The employee's supervisors and those with knowledge regarding the text campaign are also located in Norfolk, Virginia, as are the personnel who manage Homes.com's text message software and related telephony equipment. *Id.* ¶¶ 8-9.

All known records pertaining to the alleged text message in the Complaint are more accessible in Virginia. *See id.* ¶¶ 8, 9, 11. None of the Homes.com witnesses or records pertinent to the Complaint, including any telephonic equipment pertinent to the alleged text messages, are located in Arizona. *See id.* ¶¶ 10, 12. Homes.com does not own or operate any offices in Arizona, and has no employees in Arizona. *See id.* ¶ 10.

## III.   ARGUMENT

### A.   Legal Standard

A civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391(b)(3). Even when venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section 1404(a) on its face has two requirements: (1) that the district to which the defendant seeks to have the action transferred is one in which the action "might have been brought," and (2) that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.*

This Court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted). In deciding whether to transfer a case under Section 1404(a), Ninth Circuit courts employ a nonexclusive multi-factor test considering:

> (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, (3) the respective parties' contacts with the forum, (4) the availability of compulsory process to compel attendance

of unwilling non-party witnesses, (5) the differences in the costs of litigation in the two forums, (6) the ease of access to sources of proof, (7) the location where the relevant agreements were negotiated and executed, and (8) the state that is most familiar with the governing law.

*In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. May 11, 2011) (citing *Jones*, 211 F.3d at 498-99).

In a motion to dismiss a case on the grounds of *forum non conveniens* in Arizona, a defendant must show "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Foster Poultry Farms, Inc. v. LaClaire*, No. CV-19-04630-PHX-JJT, 2020 U.S. Dist. LEXIS 42919, at *2 (D. Ariz. Mar. 12, 2020) (quoting *Boston Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009)). "'[I]t is only in rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all,' and the alternative forum is therefore not adequate." *Id.* at *3 (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001)).

The private interest factors that this Court considers include:

(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at *3-4 (quoting *Boston Telecomms. Grp., Inc.*, 588 F.3d at 1207); *see also Pineda v. Airline Training Ctr. Ariz. Inc.*, No. CV-17-00760-PHX-ROS, 2017 U.S. Dist. LEXIS 218825, at *6-7 (D. Ariz. Nov. 8, 2017).  The public interest factors to be considered include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Foster Poultry Farms*, 2020 U.S. Dist. LEXIS 42919, at *6 (quoting *Boston Telecomms. Grp.*, 588 F.3d at 1211).

**B.    The Court Should Grant this Motion for Forum Non Conveniens.**

For the convenience of the witnesses and in the interests of justice, if this putative

nationwide class action goes forward at all, it should do so in the Eastern District of Virginia where the vast majority of the witnesses, records, and equipment are located. Other than the fact that Plaintiff and some of the other putative class members may reside in Arizona, this forum has no connection to the conduct being challenged in this nationwide class action.

### 1. Plaintiff's Choice of Forum and the Contacts Relating to Plaintiff's Causes of Action are Less Significant in a Putative Nationwide Class Action.

"Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1986). Further, Plaintiff's choice of forum is entitled to "only minimal consideration" "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Id*. In Arizona and throughout the Ninth Circuit, plaintiff's choice of forum "is just one of several factors to be considered and is not dispositive of venue," particularly in cases arising under the TCPA. *Strojnik, P.C. v. Heart Tronics, Inc.*, No. CV-09-0128-PHX-FJM, 2009 U.S. Dist. LEXIS 49264, at *6 (D. Ariz. May 27, 2009) (granting motion to transfer venue in TCPA case); *see also Schlesinger v. Collins*, No. 19-cv-03483-EMC, 2019 U.S. Dist. LEXIS 167193, at *14-15 (N.D. Cal. Sept. 25, 2019) (granting motion to transfer venue in TCPA case, noting the "limited deference" afforded to plaintiff's choice of forum). For the convenience of witnesses, courts commonly require putative nationwide TCPA class actions to be litigated in the forum from where the challenged text messages or calls emanated. *Hancock v. Jackson Hewitt Tax Serv.*, No. CV 19-2602 PSG (PJWx), 2019 U.S. Dist. LEXIS 228026, at *10 (C.D. Cal. Aug. 29, 2019) (transferring case to Texas, in part, based on allegations calls originated from Texas franchisee of defendant). This is true even where the plaintiff has brought suit in the forum of his or her residence. *Kissick v. Am. Residential Servs., LLC*, No. CV 19-1460-MWF (SSx), 2019 U.S. Dist. LEXIS 209783, at *8 (C.D. Cal. July 18, 2019) (giving little weight to plaintiff's, a California resident, choice of forum in TCPA class action where defendant showed its marketing decisions were made at its headquarters in Tennessee, and transferring action to Tennessee, where defendant had

its principal place of business, pursuant to § 1404); *Rabinowitz v. Samsung Elec. Am, Inc.*, No. 14-CV-801-JCS, 2014 U.S. Dist. LEXIS 145879, at *11 (N.D. Cal. Oct. 10, 2014) (giving plaintiff's choice of forum "minimal deference," where there [were] no allegations that "relevant acts occurred in this district . . . [and where] Samsung's marketing decisions emanated from the District of New Jersey," and transferring action to New Jersey pursuant to § 1404). The reason is simple: a TCPA plaintiff contributes little to the outcome of a TCPA case, while the situs of the apparatus and leadership responsible for the challenged messages will contribute much to the resolution of the case. *See Rabinowitz*, 2014 U.S. Dist. LEXIS 145879, at *10-12 (favoring transfer where disputed acts occurred outside of plaintiff's chosen forum).

Here, as Plaintiff is pursuing this action as a putative class action representative on behalf of a nationwide class, the state of Arizona has no greater stake in this case than any other state. *See Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened."); *see also Smith v. Microsoft Corp.*, 297 F.R.D. 464, 470 (S.D. Cal. 2014) (denying plaintiff's motion for class certification in TCPA case in part because "[t]he Ninth Circuit has stated that, 'where the potential plaintiffs are located across the country and where the witnesses and the particular evidence will also be found across the country, plaintiffs have failed to establish any particular reason why it would be especially efficient for this Court to hear such a massive class action lawsuit.'") (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1191-92 (9th Cir. 2001), in turn quoting *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653 (N.D. Cal. 1996)). Plaintiff's choice of this forum is therefore not dispositive, particularly where, as here, there is an alternative forum available that is a more convenient forum for litigation of the action.

### 2. An Alternative Forum is Available that is a More Convenient Place to Litigate This Action: the Eastern District of Virginia.

The center of gravity for the instant action is the Commonwealth of Virginia. The TCPA does not prohibit the *receipt* of an unsolicited telephone call or text; rather, it is only illegal for any person "to *make* any call … using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A) (emphasis added).[1] This case concerns alleged unconsented text messages sent by Homes.com or its agents to Plaintiff and the putative class members. *See* Compl. ¶¶ 21-24. Such alleged violations of the TCPA by Homes.com or its agents, if they occurred at all, did not occur in Arizona, given that Homes.com has no employees or offices in Arizona and does not maintain books or records there. *See* Ex. 1 (Decl. of Erin Ruane) ¶¶ 10, 12. The largest number of Homes.com's employees reside in Virginia, and the text message identified by Plaintiff in her Complaint was sent from Virginia. *See id.* ¶¶ 9, 11. Accordingly, the Eastern District of Virginia is "the most convenient forum" for this action. *Van Dusen v. Barrack*, 376 U.S. 612, 628 (1964) (explaining that "the most convenient forum is frequently the place where the cause of action arose.").

### 3. Public Interests Weigh in Favor of Granting the Motion.

The public interest factors strongly weigh in favor of dismissal or transfer to the Eastern District of Virginia.

#### a. Local Interest in the Lawsuit

Although Plaintiff is a resident of Arizona, Compl. ¶ 1, Homes.com has no employees or offices in Arizona. Ex. 1 (Decl. of Erin Ruane) ¶ 10. Virginia, on the other hand, has a strong interest in the action, as Homes.com is headquartered in Virginia and has the most significant number of employees in its Virginia office. *See id.* ¶¶ 5, 11. This factor, therefore, weighs in favor of transfer.

---

[1] Text messages are treated as calls under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

### b. The Court's Familiarity with the Governing Law

As the TCPA is a federal statute, the Eastern District of Virginia is equally as familiar with the law as the District of Arizona. *See Kempton v. Life for Relief & Dev. Inc.*, No. CV-19-02156-PHX-DJH, 2019 U.S. Dist. LEXIS 178225, at *8 (D. Ariz. Oct. 15, 2019) (granting motion to transfer venue in TCPA case, finding both forums "equally familiar with the law"); *Oliver v. Lyft, Inc.*, No. C 19-01488 WHA, 2019 U.S. Dist. LEXIS 92666, at *9-10 (N.D. Cal. June 3, 2019) (same). This factor also weighs in favor of transfer.

### c. Burden on Local Courts and Juries and Congestion in the Court

Because these factors are both court-related and consider similar interests, they may be taken together. As the Ninth Circuit has observed, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). "The Eastern District of Virginia is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved." *PNC Bank, N.A. v. Molen*, No. 2:17-CV-00867-AJS-CRE, 2017 U.S. Dist. LEXIS 134226, at *18 (W.D. Pa. Aug. 21, 2017) (granting motion to transfer to Eastern District of Virginia). The speed of resolution in the Eastern District of Virginia also creates a lesser burden on courts and juries in Virginia than in Arizona. This action would disproportionately burden courts and juries in Arizona because the events that occurred in this case largely occurred in Virginia. Because of the unusual speed at which civil actions are resolved in the Eastern District of Virginia, these factors weigh in favor of transfer.

### d. The Costs of Resolving a Dispute Unrelated to a Particular Forum

The costs of resolving this dispute would be greatly lessened should this Motion be granted. All witnesses pertinent to the text message alleged in the Complaint reside in Virginia, as do the majority of Homes.com employees and witnesses pertinent to Plaintiff's claims, such as the personnel who manage Homes.com's software and equipment and

Homes.com's personnel involved with designing the campaign and sending the challenged text message. Ex. 1 (Decl. of Erin Ruane) ¶¶ 8, 9. No pertinent witnesses reside in Arizona, because Homes.com does not have any employees in Arizona and does not own or maintain any offices there. *See id.* ¶ 10. Homes.com also does not maintain any books or records in Arizona. *Id.* ¶¶ 9, 12. Because the majority of witnesses and evidence are located in Virginia, the costs of resolving the dispute would be significantly less if the action were brought in Virginia. This factor therefore also weighs in favor of transfer.

Because each of the five public interest factors weigh in favor of transfer, this Court should grant Homes.com's motion to dismiss or transfer for *forum non conveniens*.

### 4.     Private Interests Weigh in Favor of Granting the Motion.

The private interest factors also overwhelmingly favor transfer.

#### a.     The Residence of Parties and Witnesses

While Plaintiff resides in Arizona, Compl. ¶ 1, Plaintiff brings this action on behalf of not only herself but a putative nationwide class, Compl. ¶¶ 13-14. The putative class members include non-Arizona members whose claims have no connection with Arizona; rather, Plaintiff is seeking to represent a class of individuals throughout the United States who received messages on their cell phones *anywhere and everywhere* in the country. Such text messages, allegedly sent by Homes.com to putative class members in other states, Compl. ¶ 13, have absolutely no connection with this forum. There are no allegations in the Complaint that any actions pertinent to the Complaint were taken by Homes.com in Arizona at all. *See* Compl. And, as detailed above, there were none.

Homes.com is headquartered in Virginia, and the majority of Homes.com's employees reside in Virginia, including the leadership of the department responsible for sending the challenged text messages. Ex. 1 (Decl. of Erin Ruane) ¶¶ 5, 8, 11. No witnesses pertinent to this action reside in Arizona, as Homes.com has no employees or offices in Arizona. *Id.* ¶ 10. Witnesses pertinent to the text message at issue in this action reside in Virginia. *Id.* ¶¶ 8, 9. Accordingly, this factor weighs in favor of transfer.

### b. The Forum's Convenience to the Litigants

The Eastern District of Virginia is unquestionably a more convenient forum for Homes.com, as it is headquartered in Virginia, and many of its employees reside in Virginia. Ex. 1 (Decl. of Erin Ruane) ¶¶ 5, 8, 11. Additionally, although Plaintiff resides in Arizona, "the location of the bulk of relevant discovery" and "Defendant's scant contacts with [Arizona]" make the District of Arizona an inconvenient forum for the action. *See Hancock*, 2019 U.S. Dist. LEXIS 228026, at *6 (granting motion to transfer for TCPA case). The majority of the relevant evidence that Plaintiff will need from Homes.com is located in Virginia. *See* Ex. 1 (Decl. of Erin Ruane) ¶¶ 8, 9, 11, 12 (confirming Homes.com has no employees in Arizona, operates no offices in Arizona, and does not maintain books and records in Arizona). Therefore, this factor weighs in favor of transfer, as Virginia is a more convenient forum.

### c. Access to Physical Evidence and Other Sources of Proof

As discussed above in section (b), none of the evidence or sources of proof in this action is found in Arizona, as Homes.com maintains no offices or records in the state and has no employees there. Ex. 1 (Decl. of Erin Ruane) ¶¶ 10, 12. Rather, all records pertinent to the text message that Plaintiff allegedly received are found in Virginia, as are the majority of relevant witnesses, including Homes.com's employees responsible for sending the texts at issue and personnel who manage its software and equipment. *Id.* ¶¶ 8, 9, 11. This factor therefore also weighs in favor of transfer.

### d. Whether Witnesses Can Be Compelled to Testify

Under Rule 45 of the Federal Rules of Civil Procedure, either Virginia or Arizona has the authority to issue a subpoena to be served at any place in the United States. However, Rule 45(c)(1) provides that a person may only be compelled to attend a trial, hearing, or deposition within 100 miles of the person's residence or place of employment. As previously noted, the majority of witnesses relevant to this action reside in Virginia, *see* Ex. 1 (Decl. of Erin Ruane) ¶¶ 8, 9, 11, and therefore could not be compelled to testify live at trial in Arizona. Transferring the instant action to Virginia would permit

the parties to benefit from in-person testimony from important witnesses. *See, e.g.*, *Rogers v. United States*, No. CV-15-08143-PCT-JZB, 2015 U.S. Dist. LEXIS 165686, at *15-16 (D. Ariz. Dec. 10, 2015) (granting motion to transfer in part because allowing the case to remain in Arizona would mean that several witnesses "would be beyond the subpoena power of this Court"); *FTC v. Wright*, No. 2:13-cv-2215-HRH, 2014 U.S. Dist. LEXIS 49788, at *16-17 (D. Ariz. Apr. 8, 2014) (finding that "transfer is the better solution because it will result in less cost and more live testimony" where witnesses were located outside of subpoena power of court).  This factor, therefore, also weighs in favor of transfer.

### e. The Cost of Bringing Witnesses to Trial

Because the majority of relevant witnesses reside in Virginia and no relevant Homes.com witnesses reside in Arizona, Ex. 1 (Decl. of Erin Ruane) ¶¶ 8-11, the cost of bringing witnesses to trial would be significantly higher in Arizona.  This factor therefore weighs in favor of transfer.

### f. The Enforceability of the Judgment

There would not be any problem enforcing a judgment in either Arizona or Virginia, and so this factor is likely neutral.

Because, taken together, the private interest factors weigh in favor of transfer, Homes.com requests that this Court grant its motion to dismiss or transfer the action.

## IV. CONCLUSION

For the foregoing reasons, Homes.com respectfully requests that the Court exercise its discretion and dismiss this action, or, in the alternative, transfer this action to the Eastern District of Virginia.

RESPECTFULLY SUBMITTED this 8th day of June, 2020.

*/s/ David S. Norris*
David S. Norris (AZ Bar No. 034309)
david.norris@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona  85004
david.norris@squirepb.com
Telephone:    (602) 528-4000
Facsimile:     (602) 253-8129

Amy Brown Doolittle*
amy.doolittle@squirepb.com
Katy A. Spicer*
katy.spicer@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:   (202) 457-6315

Eric J. Troutman (admitted *Pro Hac Vice*)
eric.troutman@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  (213) 624-2500
Facsimile:   (213) 623-4581

*Attorneys for Defendant Homes.com, Inc.*
**Pro Hac Vice Motion Forthcoming*